UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

| | |
|---|---|
| JACQUELYN A. NISWONGER, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>COMMISSIONER OF )<br>SOCIAL SECURITY, )<br>)<br>Defendant. )<br>_____) | Case No. 1:04-cv-854<br><br>Honorable Robert Holmes Bell<br><br><br>**REPORT AND RECOMMENDATION** |

This is a social security action brought under 42 U.S.C. § 405(g) seeking review of a final decision of the Commissioner of Social Security denying plaintiff's claim for disability insurance benefits (DIB). Plaintiff filed the application forming the basis of this appeal on April 30, 2003. (A.R. 68-70). Plaintiff's application claimed an onset of disability of November 10, 2000, but administrative *res judicata* emanating from a decision denying an earlier DIB claim (A.R. 26-33) precluded any onset of disability before January 30, 2003. Plaintiff's claim was denied upon initial review, and as a disability redesign prototype case, was not subject to administrative review at the reconsideration stage. (A.R. 34). On May 25, 2004, plaintiff received a hearing before an administrative law judge (ALJ) at which plaintiff was represented by counsel. (A.R. 193-218). On June 2, 2004, the ALJ issued a decision finding that plaintiff was not disabled. (A.R. 14-20). On October 25, 2004, the Appeals Council denied review (A.R. 5-6), and the ALJ's decision became the Commissioner's final decision. On December 20, 2004, plaintiff filed her complaint in this court seeking review of the Commissioner's decision denying her DIB claim.

Plaintiff's brief presents the following arguments:

I. The ALJ committed reversible error by not properly considering the opinion of Plaintiff's treating physician.

II. The ALJ did not have substantial evidence to support his finding that Plaintiff could have performed sedentary work.

(Plf Brief at 6, Statement of Errors, docket # 9). Upon review, I find that plaintiff's arguments do not provide grounds for disturbing the Commissioner's decision, and recommend that the Commissioner's decision be affirmed.

### **Standard of Review**

When reviewing the grant or denial of social security benefits, this court is to determine whether the Commissioner's findings are supported by substantial evidence and whether the Commissioner correctly applied the law. *See Elam ex rel. Golay v. Commissioner*, 348 F.3d 124, 125 (6th Cir. 2003); *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001); *Heston v. Commissioner*, 245 F.3d 528, 534 (6th Cir. 2001); *Walters v. Commissioner*, 127 F.3d 525, 528 (6th Cir. 1997); *Abbott v. Sullivan*, 905 F.2d 918, 922 (6th Cir. 1990). Substantial evidence is defined as "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Heston*, 245 F.3d at 534 (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). The scope of the court's review is limited. *Buxton*, 246 F.3d at 772. The court does not review the evidence *de novo*, resolve conflicts in evidence, or make credibility determinations. *See Walters v. Commissioner*, 127 F.3d at 528; *Hogg v. Sullivan*, 987 F.2d 328, 331 (6th Cir. 1993); *Brainard v. Secretary of Health & Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989). "The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a

different conclusion. . . . This is so because there is a 'zone of choice' within which the Commissioner can act without fear of court interference." *Buxton*, 246 F.3d at 772-73. "If supported by substantial evidence, the [Commissioner's] determination must stand regardless of whether the reviewing court would resolve the issues of fact in dispute differently." *Bogle v. Sullivan*, 998 F.2d 342, 347 (6th Cir. 1993); *see Smith v. Chater*, 99 F.3d 780, 782 (6th Cir. 1996) ("[E]ven if the district court -- had it been in the position of the ALJ – would have decided the matter differently than the ALJ did, and even if substantial evidence also would have supported a finding other than the one the ALJ made, the district court erred in reversing the ALJ."). "[T]he Commissioner's decision cannot be overturned if substantial evidence, or even a preponderance of the evidence supports the claimant's position, so long as substantial evidence also supports the conclusion reached by the ALJ." *Jones v. Commissioner*, 336 F.3d 469, 477 (6th Cir. 2003); *Warner v. Commissioner*, 375 F.3d 387, 390 (6th Cir. 2004).

## Discussion

The ALJ found that plaintiff met the disability insured requirements of the Social Security Act on January 30, 2003, her asserted onset of disability, and continued to meet them through the date of the ALJ's decision. The ALJ found that plaintiff had not engaged in substantial gainful activity since January 30, 2003. The ALJ found that the medical evidence established that plaintiff had severe impairments of "scoliosis of the left spine and left lower extremity radiculopathy." The ALJ found that plaintiff did not have an impairment or combination of impairments which met or equaled the requirements of the listing of impairments. The ALJ determined that plaintiff's subjective complaints were not fully credible. The ALJ found that

plaintiff retained the residual functional capacity (RFC) to "lift/carry no more than 10 pounds, stand/walk 2 hours in an 8-hour day, sit 6 hours in an 8-hour day, and push/pull 10 pounds." Plaintiff was unable to perform her past relevant work as a seamstress, home health aid, and cashier. Plaintiff was 38 years old as of the date of the ALJ's decision. Thus, plaintiff was classified as a younger individual. Plaintiff has more than a high school education. The ALJ found that plaintiff did not have work skills transferable to the skilled or semi-skilled work functions of other work "and/or" transferability of skills was not an issue in this case. Plaintiff retained the residual functional capacity for a full range of sedentary work. The ALJ found that Rule 202.14 of the Medical-Vocational Guidelines directed a finding of nondisability and held that plaintiff was not disabled. (A.R. 14-20).

**1.**

Plaintiff argues that the ALJ "committed reversible error by not properly considering the opinion of Plaintiff's treating physician." (Statement of Errors, ¶ I). Plaintiff contends that the ALJ failed to give "good reasons" for the weight he assigned to Dr. Kidwai's opinion as required by the Sixth Circuit's decision in *Wilson v. Commissioner*, 378 F.3d 541 (6th Cir. 2004). Plaintiff's argument is meritless. The ALJ's opinion contains a lengthy discussion of Dr. Kidwai's findings. (A.R. 16). Dr. Kidwai did not render any opinion regarding plaintiff's work-related limitations. The ALJ accepted Dr. Kidwai's diagnosis of lumbar radiculopathy.

Plaintiff's counsel offers Dr. Kidwai's statements regarding the presence of lumbar radiculopathy and his opinion that plaintiff was not a good candidate for lumbar surgery as support for the following argument:

> There would seem to be no question that Dr. Kidwai confirmed that Plaintiff had a lumbar radiculopathy that had little chance of being corrected with surgery, and that the doctor confirmed that condition via both a review of the objective radiological studies and with neurological testing. Given the condition was objective and verified, one would think that the ALJ (and, for that matter, this Court) could take judicial notice that Plaintiff's condition is quite painful and quite limiting. Nevertheless, the ALJ concluded that Plaintiff's rather minimal activities showed that she could perform sedentary work based upon the report of a non-examining physician, which is clearly contrary to the obvious import of Dr. Kidwai's records. *Shelman v. Heckler*, 821 F.2d 316, 321 (6th Cir.[1987]).

(Plf. Brief at 7). This argument is a thinly disguised attack on the ALJ's determination concerning the credibility of plaintiff's subjective complaints. The scope of judicial review authorized by statute is quite narrow. The court does not review the evidence *de novo*, resolve conflicts in evidence, or make credibility determinations. *See Walters v. Commissioner*, 127 F.3d at 528. The court cannot substitute its own credibility determination for the Commissioner's, nor can the court take judicial notice concerning the extent of a claimant's pain and disability, which requires an individualized assessment of the evidence. Counsel's description of plaintiff's activities as "minimal" is not accurate. This is more than adequately illustrated by plaintiff's hearing testimony. Plaintiff testified that she performs yard work such as raking leaves and weeding the garden. Plaintiff dusts, vacuums, sweeps, mops, washes dishes, does laundry, changes the bed linen, shops for groceries, drives a pick-up truck, cares for her two dogs, and takes photographs and creates projects with them on her computer. The ALJ properly took plaintiff's daily activities into account when he determined the credibility of plaintiff's subjective complaints. *See Warner v. Commissioner*, 375 F.3d 387, 392 (6th Cir. 2004); *Walters v. Commissioner*, 127 F.3d at 532; *Blacha v. Secretary of Health & Human Servs.*, 927 F.2d 228, 231 (6th Cir. 1990). I find that plaintiff's argument does not provide any basis for disturbing the Commissioner's decision.

**2.**

Plaintiff's remaining argument is that, "The ALJ did not have substantial evidence to support his finding that Plaintiff could have performed sedentary work." (Statement of Errors, ¶ II). Plaintiff's brief presents the argument in these terms:

> In this particular case, the vocational expert did NOT testify, save to identify Plaintiff's past relevant work. And while, the ALJ mentioned in his Opinion that Plaintiff had, in the past, worked as a telemarketer (18), the vocational expert never listed that as part of Plaintiff's past relevant work. That discrepancy alone would seem to require at least a remand, since, for whatever reason, the ALJ did not take any evidence on this issue save to refer to the aforementioned report from a non-examining physician. Moreover, he never questioned the vocational expert and closed the hearing (much to the surprise of Plaintiff's counsel)[1] without ever engaging the expert in this issue. Clearly, there is no substantial evidence to support his ruling on this point.

(Plf. Brief at 8; *see also* Plf. Reply Brief at 2, docket # 11). The VE's failure to list a telemarketer job as part of plaintiff's past relevant work does not provide any basis for disturbing the Commissioner's decision, and, if anything, any error that may have occurred worked in plaintiff's favor. The ALJ did not make a step-four determination finding that plaintiff was not disabled because she was capable of performing past relevant work as a telemarketer. Plaintiff made it to step five of the sequential analysis, where the ALJ found that she was not disabled. Plaintiff is correct that on page 18 of his opinion the ALJ stated, "I note that the claimant reported that she worked until September 2003 as a telemarketer (Exhibit B6E, p.1)." (A.R. 18; *see* A.R. 91-100). Plaintiff's argument ignores the context in which the ALJ made this observation. As a matter of law, plaintiff's earliest possible onset of disability was January 30, 2003, yet plaintiff continued to perform work

---

[1] The hearing transcript shows that the ALJ provided plaintiff's counsel with the opportunity to question the VE and that plaintiff's counsel took advantage of that opportunity. (A.R. 216). Counsel likewise took advantage of his opportunity to make a final argument. (A.R. 216-17). There is no evidence that the ALJ improperly truncated plaintiff's hearing.

as a telemarketer as late as September 2003. The ALJ made his observation regarding plaintiff's telemarketer work in support of his finding that plaintiff was capable of performing a "full range of sedentary work." (A.R. 18).

To the extent plaintiff's argument is a variation on plaintiff's challenge to the ALJ's credibility determination, it should be rejected for the reasons identified in section 1 of this report and recommendation. Plaintiff has not shown any error in the ALJ's RFC determination, and the record provides more than substantial evidence supporting the ALJ's RFC determination. The ALJ found that plaintiff did not have any nonexertional limitations. There is substantial record evidence to support the ALJ's finding. VE testimony is obviously not required where the Medical-Vocational guidelines direct a finding of nondisability. *See Kirk v. Secretary of Health & Human Servs.*, 667 F.2d 524, 528 (6th Cir. 1981).

**Recommended Disposition**

For the reasons set forth herein, I recommend that the Commissioner's decision be affirmed.

Dated:   June 27, 2005 /s/  Joseph G. Scoville
United States Magistrate Judge

**NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Neuman v. Rivers*, 125 F.3d 315, 322-23 (6th Cir.), *cert. denied*, 522 U.S. 1030 (1997); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).